UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VICTOR S. RODRIGUEZ,

          Plaintiff,

                                        Case No. 23-cv-1195-pp

   v.

GRANT COUNTY CHILD SUPPORT AGENCY
and LILIAN ROMERO,

          Defendants.

VICTOR S. RODRIGUEZ,

          Plaintiff,

                                        Case No. 23-cv-1196-pp

   v.

GRANT COUNTY CHILD SUPPORT AGENCY
and MIANNA T. BARNER,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED WITHOUT PREPAYING FILING FEE (CASE NO. 23-CV-1195, DKT. NO. 3; CASE NO. 23-CV-1196, DKT. NO. 3); DENYING AS MOOT PLAINTIFF'S MOTIONS TO HAVE U.S. MARSHALS SERVE DEFENDANTS (CASE NO. 23-CV-1195, DKT. NO. 2; CASE NO. 23-CV-1196, DKT. NO. 2); AND DISMISSING BOTH CASES WITHOUT PREJUDICE**

On September 8, 2023, the court received two complaints from Victor S. Rodriguez (who is representing himself). Case No. 23-cv-1195, Dkt. No. 1; Case No. 23-cv-1196, Dkt. No. 1. In both cases the plaintiff seeks relief from state court-imposed child support obligations and alleges that the court-ordered payments violate his constitutional right to due process. See Case No. 23-cv-

1

1195, Dkt. No. 1; Case No. 23-cv-1196, Dkt. No. 1. The plaintiff filed with his complaints motions to proceed without prepaying the filing fee (Case No. 23-cv-1195, Dkt. No. 3; Case No. 23-cv-1196, Dkt. No. 3), and requests that—in the event the court grants his motions—the U.S. Marshals serve the summons and complaint on the defendants[1] (Case No. 23-cv-1195, Dkt. No. 2; Case No. 23-cv-1196, Dkt. No. 2). This order addresses the motions to proceed without prepaying the filing fee and screens both complaints.

## I.     Plaintiff's Motions for Leave to Proceed Without Prepaying Filing Fee (Case No. 23-cv-1195, Dkt. No. 3; Case No. 23-cv-1196, Dkt. No. 3)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff's motions to proceed without prepaying the filing fee are nearly identical; the only difference is that he lists different dependents on each form. On the motion he filed in Case No. 23-cv-1195, he lists as a dependent a four-year old son for whom he provides $100 per month in support. Dkt. No. 3 at 1. On the motion he filed in Case No. 23-cv-1196, he lists as a dependent a five-year old son and explains under "Amount of Support Provided per Month" that he is "just paying 'alleged' arrearage." Dkt. No. 3 at 1. On both motions he

---

[1] Because the court is required to order service by the U.S. Marshals Service when allowing a person to proceed without prepaying the filing fee, see 28 U.S. §1915(d); see also Fed. R. Civ. P. 4(c)(3), the plaintiff's motions to have the U.S. Marshal serve the defendants are unnecessary. The court will deny them as moot.

2

indicates that he is not employed and is not married, that his expenses include phone payments ($200 per month) and groceries ($500 per month), that he owns a 2012 Toyota Corolla with an approximate current value of $10,000 and that he has $25 in the bank. Case No. 23-cv-1195, Dkt. No. 3; Case No. 23-cv-1196, Dkt. No. 3. At the end of each motion, under the instructions to "Describe any other financial circumstance(s) that you would like the Court to consider when reviewing this petition[,]" the plaintiff wrote, "I am unemployed at the present time, but I am seeking gainful employment so that I can financially be able to take care of my children." Case No. 23-cv-1195, Dkt. No. 3 at 4; Case No. 23-cv-1196, Dkt. No. 3 at 4.

Based on the information in the plaintiff's motions, the court concludes that the plaintiff does not have the ability to pay the filing fees. This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] §1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. §1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

## II.    Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The complaint in Case No. 23-cv-1196 is nearly identical to the complaint the plaintiff filed in Case No. 23-cv-1195. Both name as a defendant "Grant County Child Support Agency" and both allege near-identical facts. There are three[2] differences between the complaints. First, Case No. 23-cv-1195 names as a defendant "Lilian Romero," while Case No. 23-cv-1196 names "Mianna T. Barner." Compare Case No. 23-cv-1195, Dkt. No. 1 at 2 (listing as defendants Grant County Child Support Agency and Lilian Romero), with Case No. 23-cv-1196, Dkt. No. 1 at 2 (listing as defendants Grant County Child Support Agency and Mianna T. Barner). Second, while there is overlap, the

---

[2] There is a fourth, probably accidental difference: page seven of the complaint in Case No. 23-cv-1195 (Dkt. No. 1 at 7) appears twice in the complaint filed in Case No. 23-cv-1196: first at page four, see Dkt. No. 1 at 4, and again at page eight, see Dkt. No. 1 at 8.

4

complaints summarize different legal authority. <u>Compare</u> Case No. 23-cv-1195, Dkt. No. 1 at 11-16, <u>with</u> Case No. 23-cv-1196, Dkt. No. 1 at 12-20. The third difference is that the complaint in Case No. 23-cv-1195 has a "Venue" section, Dkt. No. 1 at 17, while the complaint in Case No. 23-cv-1196 does not. Apart from those differences, the complaints are identical. <u>Compare</u> Case No. 23-cv-1195, Dkt. No. 1 at 1-10, <u>with</u> Case No. 23-cv-1196, Dkt. No. 1 at 1-11 (with duplicate pages appearing at pages four and eight).

A.   <u>Case No. 23-cv-1195</u>

1.   *Relevant Allegations in the Complaint*[3]

The plaintiff begins by explaining that he

> seek[s] relief from a fraudulent contract that the [defendants] Grant County Child Support Agency[] [and] Lilian Romero had [him] enter into . . . unwittingly, thereby creating a debt that they can collect on . . . using court orders, and judgments, as well as wage garnishments, withholding my income tax returns[,] etc.

Dkt. No. 1 at 1. The plaintiff alleges that the Grant County Child Support Agency "knowingly committ[ed] fraud to get [him] to sign the [child support] contract in the circuit court," and failed to "inform[] [him] that it is a contract agreement creating [for him] a burden of debt[.]" <u>Id.</u> at 3. He claims that the defendants' misrepresentation has caused him to suffer "damage to his reputation," "severe emotional distress," "wrongful imprisonment for civil contempt of court charges," loss of his job, gender and race discrimination and

---

[3] While this section concerns the plaintiff's first case, Case No. 23-cv-1195, as the court has noted, the complaints—apart from naming a different individual defendant—allege identical facts.

5

financial injuries including seizure of his federal and state income taxes, past employment wages and gambling winnings. Id. at 3-4.

The plaintiff also complains that the amount he owes in child support "has never been reduced . . . . [and there] seems to be no remedy and recourse to bring [the child support] process to an[] end." Dkt. No. 1 at 4. He explains that "[t]he judge imposed a $600 child support amount monthly payment on [him] even though [he] informed her that [he] was unemployed . . . [and] attending graduate school." Id. And "[w]hen his attorney requested a . . . modification [of the monthly amount], [the judge] quickly denied his motion." Id.

The plaintiff asserts that the state's enforcement of his child support payments "is in direct violation of [his] civil rights," specifically his right to due process. Dkt. No. 1 at 1, 3. He claims that his lawsuit

> is not a matter involving the Rooker-Feldman Doctrine[] because it's not an attempt to ask the U.S. District Court to overturn a judgment or order issued by State Courts. It's a matter who [sic] main focus is concerning the constitutionality of State statutes that infringe upon [his] civil rights guaranteed under the U.S. Constitution[.]

Id. at 1. He further claims that because the "County Judges[] . . . have a contract with the State of Wisconsin Department of Healthcare and Family Services Division of Child Support Services . . ., it would be a conflict of interest for this case to be heard there as the obvious biases would exist." Id. He asserts that "in order to have an impartial hearing on these matters," "the proper venue would have to be the U.S. District Court." Id. The plaintiff seeks

6

"monetary relief against the Defendant in the amount of $1,000,000, along with compensatory damages, and if necessary punitive damages." Id. at 3.

The court has located a paternity case involving the plaintiff—In re the Paternity of J. N. H. R., Case No. 2019PA000103PJ (Grant County Circuit Court) (available at https://wcca.wicourts.gov/case.html)—which corresponds to Case No. 23-cv-1195. The court takes judicial notice of that case. Ennenga v. Starns, 677 F.3d 766, 773-74 (7th Cir. 2012) (providing that courts may take "judicial notice of the dates on which certain actions were taken or were required to be taken in the earlier state-court litigation—facts readily ascertainable from the public court record and not subject to reasonable dispute").

The related state court paternity case involves defendant Lilian Romero (who is the petitioner there), plaintiff Victor Rodriguez (who is designated as the "adjudicated father") and the State of Wisconsin (designated as the "Child Support Agency"). From the publicly available court record, it appears that the state court entered judgment on June 25, 2019—presumably this is the judgment that resulted in the child support obligations of which the plaintiff complains. Although the publicly available docket lists the case status as "Closed—Electronic filing," the docket shows that on November 2, 2022, then-circuit court judge Robert P. VanDeHey instituted a "Post adjudication action." On August 28, 2023, the case was reassigned to Judge Lisa A. Riniker; on that same date, Judge Riniker issued an affidavit and order to show cause. There is a show-cause hearing scheduled for 9:00 a.m. on October 23, 2023. In re the

7

<u>Paternity of J. N. H. R.</u>, Case No. 2019PA000103PJ (Grant County Circuit Court) (available at https://wcca.wicourts.gov/case.html).

   2. *Analysis*

  Contrary to the plaintiff's assertion, this federal lawsuit is barred by the <u>Rooker-Feldman</u> doctrine.[4]

> [T]he <u>Rooker-Feldman</u> doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment."

<u>Brokaw v. Weaver</u>, 305 F.3d 660, 664 (7th Cir. 2002) (alterations in original) (quoting <u>Remer v. Burlington Area Sch. Dist.</u>, 205 F.3d 990, 996 (7th Cir. 2020)). The <u>Rooker-Feldman</u> doctrine requires the federal court to look at whether the "federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." <u>Kamilewicz v. Bank of Boston Corp.</u>, 92 F.3d 506, 510 (7th Cir. 1996). It applies to claims directly seeking to set aside a state court judgment as well as claims that "do not on their face require review of a state court's decision" but "are inextricably intertwined with a state court judgment." <u>Jakupovic v. Curran</u>, 850 F.3d 898, 902 (7th Cir. 2017) (citing <u>Sykes v. Cook Cnty. Cir. Ct. Probate Div.</u>, 837 F.3d 736, 742 (7th Cir. 2016)). Such claims essentially ask the federal district court to engage in "impermissible appellate review." <u>Kamilewicz</u>, 92 F.3d at 510.

---

[4] Named after two Supreme Court decisions, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

Whether the claim is inextricably intertwined with the state court judgment "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." Sykes, 837 F.3d at 742. If the court determines that a federal claim is inextricably intertwined with a state court judgment, the claim is barred when the "plaintiff had a reasonable opportunity to raise the issue in state court proceedings." Jakupovic, 850 F.3d at 902. Courts apply the doctrine narrowly, barring claims only where the federal claim cannot be separated from the judgment of the state court. Id. at 902 (citing Sykes, 837 F.3d at 742).

In his complaint, the plaintiff argues that because he is not asking this court to overturn a state court judgment or order—he asserts that he is challenging the constitutionality of certain state statutes that impose on him child support responsibilities—his case is not barred by the Rooker-Feldman doctrine. Dkt. No. 1 at 1. Although the plaintiff hasn't explicitly asked this federal court to issue an order overturning the state court judgment which imposed the child support obligations, he does "seek relief from a fraudulent contract that the Grant County Child Support Agency[] [and] Lilian Romero had him enter into"—presumably, the contract which resulted from the judgment entered in In re the Paternity of J. N. H. R., Case No. 2019PA000103PJ. Dkt. No. 1 at 1. The plaintiff also cites as injuries financial harms and contempt charges relating to his failure to comply with the court mandated payments and asks this federal court to grant him relief in the form of monetary damages

9

against the child support agency (and, though it is unclear, perhaps against Ms. Romero). Id. at 3-4.

While the plaintiff has not asked this court to overturn a state judgment or order, he is attempting to challenge the state court's imposition of child support responsibilities on him. Because his claims allege that his injuries resulted from state court judgments, the claims are "inextricably intertwined" with state court judgments and are barred under Rooker-Feldman. See Sykes, 837 F.3d at 742; see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) ("Plaintiffs who lose in state court may not recast their claims in federal court under the guise of federal constitutional claims . . . if the constitutional claims are inextricably intertwined with the merits of the state court judgment.") (quotations omitted); Syph v. Arce, 772 F. App'x 356, 357 (7th Cir. 2019) (upholding dismissal under Rooker-Feldman where plaintiff's federal case challenged state court rulings on "attempts in state-court litigation to modify . . . child-support obligations"); Johnson v. Lockyer, 115 F. App'x 895, 896-97 (7th Cir. 2004) ("The district court rightly observed that Johnson's core grievance is really about the validity of a state judgment—the California judgment that registered the Oregon child support order—and federal suits that implicate the validity of state judgments are barred under the Rooker–Feldman doctrine . . . . the registration of that judgment in a California court and the garnishment proceedings that followed are themselves immune to review by the district court.").

Even if the Rooker-Feldman doctrine did not bar the plaintiff's federal claims, there is another jurisdictional defect with the plaintiff's complaint. "[T]he domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" Syph, 772 F. App'x at 357 (quoting Marshall v. Marshall, 547 U.S. 293, 307-08 (2006)). "The Seventh Circuit applies the domestic-relations exception to cases where a plaintiff seeks relief 'associated with . . . a decree of . . . child support.'" Gillette v. Gillette, Case No. 23-CV-767, 2023 WL 4207730, at *3 (E.D. Wis. June 27, 2023) (quoting Dawaji v. Askar, 618 F. App'x 858, 860 (7th Cir. 2015)); see also Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998). "State courts are assumed to have developed a core proficiency in probate and domestic relations matters and they can decide federal questions at the same time." Syph, 772 F. App'x at 357 (citing Sykes, 837 F.3d at 741). Because the plaintiff's complaint seeks relief from state court-imposed child support payments, his lawsuit "falls squarely within the domestic-relations exception" to federal jurisdiction. Id.

The plaintiff's complaint suffers from a third defect: he filed it in the wrong district. The federal venue statute states that a civil lawsuit may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §1391(b)(1)-(2). The complaint indicates

11

that defendant Romero resides in Beloit, Wisconsin and lists a Lancaster, Wisconsin address for defendant Grant County Child Support Agency. Dkt. No. 1 at 2. Because Beloit (Rock County) and Lancaster (Grant County) are in the *Western* District of Wisconsin, under 28 U.S.C. §1391(b)(1) venue is not proper in the Eastern District of Wisconsin. See Jurisdiction, U.S. District Court Western District of Wisconsin (available at https://www.wiwd.uscourts.gov/jurisdiction). And it appears that most—if not all—of the events that give rise to the plaintiff's claims occurred in the Grant County Courthouse, which is located in the Western District.

The complaint alleges no facts indicating that the events described in it have any connection to the *Eastern* District of Wisconsin. It appears that venue is proper in the *Western* District of Wisconsin under 28 U.S.C. §1391(b). "If [the court] were not dismissing this case, [it] would transfer it to the [Western] District of Wisconsin where it belongs." Griffin v. Milwaukee Election Comm'n, Case No. 22-cv-140, 2022 WL 823076, at *2 (W.D. Wis. Mar. 18, 2022); see also In re Ryze Claims Sols. LLC, 968 F.3d 701, 706 n.5 (7th Cir. 2020) ("It is well established that a district court has the authority to sua sponte transfer a case under 28 U.S.C. § 1404.").

B.    Case No. 23-cv-1196

Again, the factual allegations in the plaintiff's second case, Case No. 23-cv-1196, are almost identical to those in his first. The only notable difference is that his second case names "Mianna T. Barner" as a defendant, not Lilian Romero. Compare Case No. 23-cv-1195, Dkt. No. 1 at 2 (listing as defendants

12

Grant County Child Support Agency and Lilian Romero), with Case No. 23-cv-1196, Dkt. No. 1 at 2 (listing as defendants Grant County Child Support Agency and Mianna T. Barner). As with his first complaint, the plaintiff begins by explaining that he

> seek[s] relief from a fraudulent contract that the [defendants] Grant County Child Support Agency[] [and] Mianna T. Barner had [him] enter into . . . unwittingly, thereby creating a debt that they can collect on . . . using court orders, and judgments, as well as wage garnishments, withholding my income tax returns[,] etc.

Dkt. No. 1 at 1. And he alleges that the Grant County Child Support Agency "knowingly committ[ed] fraud to get [him] to sign the [child support] contract in the circuit court," and failed to "inform[] [him] that it is a contract agreement creating [for him] a burden of debt[.]" Id. at 3. He makes the same claims of misrepresentation, defamation, intentional infliction of emotional distress, false imprisonment and violation of due process. Id. And he asks for the same relief. Id.

The court has located a second paternity suit which corresponds to the plaintiff's second complaint: In re the Paternity of J. R. R., Case No. 2018PA000045PJ (Grant County Circuit Court) (available at https://wcca.wicourts.gov/case.html). In that case, Victor S. Rodriguez—the plaintiff here—is the respondent, Mianna T. Barner is the petitioner and the State of Wisconsin is designated as the Child Support Agency. As with the plaintiff's other state paternity case, the publicly available docket indicates that the case status is "Closed—Electronic filing." But unlike the plaintiff's other case, this case doesn't have any recent, post-adjudication activity. The most recent event

13

is the entry of a "stipulation and order" "to suspend support order & expunge arrearages and interest," dated April 14, 2022. Id. No hearings are scheduled.

The court must dismiss this case for the same reasons that it must dismiss Case No. 23-cv-1195: it seeks to challenge a state court judgment and therefore is barred by the Rooker-Feldman doctrine. Because the state court judgment concerned the plaintiff's child-support obligations, it also falls within the domestic-relations exception to federal jurisdiction. Finally, the plaintiff's second complaint suffers from the same venue defect as the first. It indicates that defendant Mianna Barner resides in Platteville, Wisconsin, which is in Grant County. And because the factual allegations are identical to those in Case No. 23-cv-1195, venue is not proper under 28 U.S.C. §1391(b)(2).

As with his complaint in Case No. 23-cv-1195, the plaintiff's second complaint alleges injuries which "result from state court judgment[s]" or are "inextricably intertwined" with state court determinations. Ritter, 992 F.2d at 754; Jakupovic, 850 F.3d at 902. To the extent that the plaintiff seeks review of alleged deficiencies in state court proceedings, he is limited to seeking relief in state court. See Syph, 772 F. App'x at 357.

### III. Conclusion

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee in Case No. 23-cv-1195. Dkt. No. 3.

The court **DENIES AS MOOT** the plaintiff's motion to have the U.S. Marshals serve the defendants in Case No. 23-cv-1195. Dkt. No. 2.

The court **ORDERS** that Case No. 23-cv-1195 is **DISMISSED WITHOUT PREJUDICE** because the plaintiff's complaint does not state claims for which this federal court can grant relief. The clerk will enter judgment accordingly.

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee in Case No. 23-cv-1196. Dkt. No. 3.

The court **DENIES AS MOOT** the plaintiff's motion to have the U.S. Marshals serve the defendants in Case No. 23-cv-1196. Dkt. No. 2.

The court **ORDERS** that Case No. 23-cv-1196 is **DISMISSED WITHOUT PREJUDICE** because the plaintiff's complaint does not state claims for which this federal court can grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 12th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**